**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND - DIVISION**

| | | |
|---|---|---|
| MADALYN COBLE and | ) | |
| TIM COBLE | ) | |
| | ) | **CASE NO.** |
| | ) | |
| Plaintiffs | ) | Honorable Judge |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge |
| TRAVAIL, INC, PITTS | ) | |
| FOOD SERVICE LLC, | ) | |
| WILLIAM PITTS, and | ) | **JURY DEMANDED** |
| ROBERT PITTS | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Madalyn Coble ("Madalyn") and Tim Coble ("Tim") bring this action against

Defendants Travail, Inc., an Indiana for profit corporation d/b/a Hungry Howies Pizza

("Travail"), Pitts Food Service, LLC, an Indiana for profit limited liability company also d/b/a

Hungry Howies Pizza ("Pitts Food Service"), William Pitts ("W. Pitts")  and Robert Pitts ("R.

Pitts') for failing to compensate them fully and completely for overtime hours worked by them in

violation of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.*

Plaintiffs also present state law claims for unpaid wages and for statutory penalties. In support of

their claims, Plaintiffs say:

### JURISDICTION AND VENUE

1.      Plaintiffs bring this action to recover unpaid overtime compensation and other

relief under provisions of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201-

219 ("FLSA").

2.     Plaintiffs also present state law claims for failure to pay wages, for statutory penalties, and other relief.

3.     Jurisdiction for the federal claims asserted in this action is conferred upon this Court by § 16 (b) of the FLSA and by 28 U.S.C. § 1337.  Supplemental jurisdiction of the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

4.     Venue is proper pursuant to 28 U.S.C. § 1391, as the events, transactions, and occurrences pertinent to this action have occurred within Porter County, Indiana, which is within the geographical environs of the Northern District of Indiana - Hammond Division and all parties are located therein.  See 28 U.S.C. § 94.

**PARTIES**

5.     At all times pertinent, Defendant Travail together with Defendant Pitts Food Service owned and/or operated a pizza store in Valparaiso Indiana, known as Hungry Howies, where Plaintiffs Tim and Madalyn were employed prior to April 2018. At all pertinent times, both Travail and Pitts Food Service were an "employer" of Plaintiffs Madalyn and Tim as that term is defined by 29 U.S.C. § 203(d).

6.     At all times pertinent, W. Pitts, acting for and on behalf of Travail and Pitts Food Service, was the boss and supervisor of Plaintiffs Madalyn and Tim and had the right to hire and fire workers, to establish work schedules and other terms and conditions of Plaintiffs' employment, to negotiate and implement Plaintiffs' rates of pay, and to maintain employment records relating to Plaintiffs.  As such, W. Pitts was an "employer" of Plaintiffs Madalyn and Tim as that term is defined by 29 U.S.C. § 203(d).

7.     At all times pertinent, R. Pitts, acting for and on behalf of Travail and Pitts Food Service, was the boss and supervisor of Plaintiffs Madalyn and Tim and had the right to hire and fire workers, to establish work schedules and other terms and conditions of Plaintiffs' employment, to negotiate and implement the Plaintiffs' rates of pay, and to maintain employment records relating to Plaintiffs.  As such, R. Pitts was an "employer" of Plaintiffs Madalyn and Tim as that term is defined by 29 U.S.C. § 203(d).

8.     From at least February 11, 2011, until April 2018, Plaintiffs Madalyn and Tim were employed by Defendants Travail, Pitts Food Service, W. Pitts, and R. Pitts and assigned to work at a pizza store in Valparaiso (Porter County), Indiana, known as Hungry Howies. Tim was employed as the manager of that store and Madalyn was employed as the store's assistant manager.

### FACTS

9.     Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours over 40 hours per week, except as otherwise provided in section 7 of the FLSA. Section 7(a)(1) of the FLSA, U.S.C. § 207 (a) (1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed.

10.     From and after January 1, 2017, Plaintiffs were both hourly paid employees of Defendants and entitled to overtime compensation at the rate of one and one-half times their

regular hourly rate for all hours worked over 40 in each work week.

11.     From and after January 1, 2017, Plaintiffs Madalyn and Tim regularly worked for Defendants in excess 40 hours each work week without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs were employed.

12.     At all times relevant to this claim Defendants used an electronic time keeping system to keep track of hours worked by Plaintiffs and other employees of the Hungry Howies pizza store where Plaintiffs were assigned to work. Each work week, a "Payroll Summary Report" would be generated for each employee of Defendants at Defendants' Valparaiso, Indiana, store by Defendants' time recording system. Such reports would be delivered by Plaintiffs to Defendants for workers assigned to Hungry Howies store in Valparaiso, Indiana.

13.     After receiving the weekly Payroll Summary Reports, Defendants routinely altered and lowered the hours worked by Plaintiffs and purposefully and intentionally reported fewer hours to Defendants' payroll company than the hours actually worked by Plaintiffs, resulting in Tim and Madalyn not receiving pay at either their regular rate or the overtime rate for all hours worked over 40 in a work week.

14.     As an example, attached hereto designated Exhibit 1 and consisting of two pages is a true and accurate copy of the Payroll Summary Report for Madalyn for work weeks ending October 8, 2017 (page 1 of Exhibit 1), and October 15, 2017 (page 2 of Exhibit 1), that show that Madalyn worked 11.54 hours of overtime in the workweek ending October 8, 2017, and 10.53 hours overtime in the workweek ending October 15, 2017. Attached hereto as Exhibit 2 is a true and accurate copy of the paycheck stub for Madalyn for that same period that shows that Madalyn was paid only 10 hours overtime for that time period when she should have been paid

-4-

for 22.07 hours of overtime.

15.      As another example, attached hereto designated Exhibit 3 and consisting of two pages is a true and accurate copy of the Payroll Summary Report for Tim for work weeks ending September 10, 2017 (page 1 of Exhibit 3), and September 17, 2017 (page 2 of Exhibit 3), that show that Tim worked 27.64 hours of overtime in the workweek ending September 10, 2017, and 10.99 hours overtime in the workweek ending September 17, 2017. Attached hereto as Exhibit 4 is a true and accurate copy of the paycheck stub for Tim for that same period that shows Tim being paid only 10 hours overtime when he should have been paid for 38.63 hours of overtime.

16.      The practice of Defendants of not paying either the regular rate of pay and/or overtime compensation to Plaintiffs for all hours worked over 40 each work week began in January 2017 when Defendants converted Plaintiffs from salaried employees to hourly paid employees and was an intentional and purposeful practice to underpay Plaintiffs for the work they performed.

17.      On January 1, 2017, when Tim became an hourly paid employee of Defendants, his agreed hourly rate of pay was $13.00.

18.       On or about March 5, 2017, Tim's agreed hourly rate of pay increased to $14.00.

19.      On January 1, 2017, when Madalyn became an hourly paid employee of Defendants, her agreed hourly rate of pay was $10.00.

20.      On or about March 5, 2017, Madalyn's agreed hourly rate of pay increased to $11.00.

21.      By their continuous employment with Defendants, both Tim and Madalyn earned paid vacation and paid personal days off.

22.     In July or August 2017, Plaintiff Tim Coble, on behalf of himself and his wife Madalyn Coble, discussed with Defendants their failure to pay proper wages to Madalyn and Tim and made a demand that overtime be paid for all hours worked over 40 in a work week. Defendants, although acknowledging that they were not paying for all overtime, refused Tim's demand and told him that managers, like Madalyn and Tim, were expected to work without being paid, because in Defendants' words: "No manager gets paid for every hour worked."

### Count I - The FLSA claim

1-22.   Plaintiffs incorporate by reference pleading paragraphs 1-22 above as though fully set forth herein.

23.     Defendants' described conduct violates the overtime provisions of the FLSA.

24.     Defendants were always cognizant and aware of their obligations to pay Plaintiffs overtime pay for all hours worked over 40 in a work week, but nevertheless, willfully violated those obligations on numerous occasions both before and after Tim demanded that overtime be properly paid to both Madalyn and him.

25.     The Defendants knowingly violated and flouted federal law (FLSA). Therefore, Plaintiffs are entitled to the unpaid overtime compensation and liquidated damages.

26.     The employment, payroll, and other work records for the Plaintiffs are in the exclusive possession, custody, and control of the Defendants, and Plaintiffs are unable to currently state precisely the exact amounts owing to each of them.  The Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to the Plaintiffs from which some of the amounts of Defendants' liability can be ascertained.

-6-

27. Plaintiffs have been forced to hire an attorney to represent them in these proceedings and are entitled to an award of attorney's fees and costs and expenses of litigation.

WHEREFORE, Plaintiffs Tim and Madalyn pray for judgment against the Defendants, jointly and severally for the following relief:

A.   Judgment against Defendants, jointly and severally, for all overtime pay owed;

B.   Judgment against Defendants, jointly and severally, for liquidated damages;

C.   An award of pre-and post-judgment interest to Plaintiffs;

D.   An award of attorneys' fees and costs incurred in litigating this action; and

E.   All other legal and equitable relief just and proper in the premises.

**Newby, Lewis, Kaminski & Jones, LLP**

By_/s/Mark L. Phillips_____
Mark L. Phillips, Attorney #5860-46
Attorney for Plaintiffs
916 Lincolnway, P.O. Box 1816
La Porte, Indiana 46350-1816
Telephone: (219) 362-1577
E-mail: mlphillips@nlkj.com
Fax:    (219) 362-2106

**Count II – Indiana State Law Claims**

For Count II of their complaint against Defendants, Plaintiffs say:

1-27.   Plaintiffs incorporate by reference pleading paragraphs 1-27 of Count I of this Complaint as though fully set forth herein.

28. From and after January 1, 2017, Defendants failed and refused to pay Plaintiffs for all hours worked.

29.     As shown by Exhibits 1 – 4 Plaintiffs were routinely required by Defendants to work more hours than those for which they received pay.

30.     Defendants knew that they were not paying Plaintiffs for all hours that Plaintiffs worked and manipulated and falsified company records to justify and hide such under payments.

31.     Ind. Code § 22-2-5-1 requires employers in Indiana, including Defendants, to "pay each employee at least semimonthly or biweekly, if requested, the amount due the employee."

32.     Ind. Code § 22-2-5-1 also requires employers in Indiana, including Defendants, to pay "all wages earned to a date not more than ten (10) business days prior to the date of payment".

33.     Ind. Code § 22-2-5-1 further requires employers in Indiana, including Defendants, to pay employees who voluntarily leave their employment all amounts due as wages at the next usual and regularly scheduled payday of the employer.

34.     Ind. Code § 22-2-5-2 also requires employers in Indiana, including Defendants, whose violation of Ind. Code § 22-2-5-1 was not in good faith to pay liquidated damages to the employee in an amount equal to two (2) times the amount of wages due to the employee.

35.     Ind. Code § 22-2-5-2 further requires employers in Indiana, including Defendants, who violate Ind. Code § 22-2-5-1 to pay the reasonable attorney's fees and court costs of the affected employee.

36.     By their continuous employment with Defendants, both Tim and Madalyn earned paid vacation and paid personal days off.

37.     In April 2018, both Tim and Madalyn voluntarily terminated their employment

relationships with Defendants.

38.     When they resigned their employment both Tim and Madalyn were entitled to at least fifteen (15) days paid vacation and five (5) personal days off with pay, both of which constitute wages under Ind. Code § 22-2-5-1 and Ind. Code § 22-2-5-2.

39.     When Plaintiffs resigned their employment with Defendants, Defendants failed and refused to pay Tim and Madalyn for all earned, accrued, but unused vacation and failed and refused to pay Plaintiffs for all earned, accrued but unused personal days.

40.     For the final two weeks of their employment, Tim and Madalyn did not receive their agreed upon and regular rate of pay.  Instead, Defendants paid Tim only $12.50 per hour and Madalyn only $10.00 per hour.

41.     Plaintiffs Tim and Madalyn were also entitled to receive profit sharing from Defendants.

42.     Defendants failed and refused to pay Plaintiffs the profit sharing that they were entitled to receive.

43.     Plaintiffs Tim and Madalyn were also entitled to be paid bonuses based upon a formula promulgated by Defendants.

44.     Although otherwise eligible, Plaintiffs Tim and Madalyn were never paid the bonuses they earned.

45.     Plaintiffs have been forced to hire an attorney to represent them in this matter.

46.     Defendants owe Tim and Madalyn for unpaid wages, vacation pay, personal days off, profit sharing, bonuses, and other payments in amounts that Plaintiffs cannot fully determine without first reviewing the records maintained only by Defendants. Defendants also owe Tim

and Madalyn the statutory penalties set forth in the Indiana Wage Payment Law together with pre-judgment interest, and an award of attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs Tim and Madalyn pray for judgment against the Defendants, jointly and severally for the following relief:

A.     An award of back pay and compensation due to Plaintiffs including unpaid wages, bonuses, vacation pay, personal days, profit sharing, and all other forms of compensation due to Plaintiffs;

B.     An award of statutory penalties under Indiana's Wage Payment Law;

C.     An award of pre-judgment interest;

D.     An award of attorney's fees and costs; and

E.     All other just and proper relief in the premises.

**Newby, Lewis, Kaminski & Jones, LLP**

By*/s/Mark L. Phillips*
      Mark L. Phillips, Attorney #5860-46
      Attorney for Plaintiffs
      916 Lincolnway, P.O. Box 1816
      La Porte, Indiana 46350-1816
      Telephone: (219) 362-1577
      E-mail: mlphillips@nlkj.com
      Fax:    (219) 362-2106

**JURY DEMAND**

Plaintiffs, by counsel, now demand trial by jury on all issues as permitted by law.

**Newby, Lewis, Kaminski & Jones, LLP**

By*/s/Mark L. Phillips*
      Mark L. Phillips, Attorney #5860-46
      Attorney for Plaintiffs
      916 Lincolnway, P.O. Box 1816

-10-

La Porte, Indiana 46350-1816
Telephone: (219) 362-1577
E-mail: mlphillips@nlkj.com
Fax:    (219) 362-2106